IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STANLEY EDELSTEIN, IVAN GERARD, PAT HOY, BARRY BLUE, ROBERT CAMPNEY, GROVONDA COLEMAN, WAYNE COREY, PETER DANIELSON, WILLIAM GOLDMAN, DANA HAMIK, MICHAEL HICKS, BILL KELLER, RICHARD NEVINS, JOE SCHUETTE, CHRISTL UPCHURCH, LORRAINE VASHON, TIM WHITTINGHILL, and PACESETTER CORPORATION AMENDED AND RESTATED KEY EXECUTIVE RETIREMENT PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMUS CORPORATION,<br><br>Defendant. | 8:10CV61<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to disqualify counsel, Filing No. 21. The magistrate judge denied the motion to disqualify, Filing No. 31, and the defendant objects. Filing No. 33. Plaintiffs filed suit against their former employer, Optimus Corporation (f/k/a The Pacesetter Corporation, hereinafter referred to as "Optimus"), alleging violations of Employee Retirement Assistance Act of 1974 ("ERISA"), 29 U.S.C. § 1001. In general, plaintiffs contend Optimus denied them benefits under the Plan. Count I alleges that Optimus used unreasonable actuarial assumptions to determine lump sum values of the retirement benefits which decreased their value; Count II asserts that plaintiffs are entitled to the correct amount of lump sum payments; Count III alleges that plaintiffs are entitled to retirement benefits denied to them under the Plan; and Count IV requests injunctive and equitable relief. Filing No. 43.

Defendant contends that the Fraser Stryker Law Firm, has a conflict of interest in this case.  Defendant argues that Fraser Stryker provided services to Optimus at a previous time that are substantially related to this litigation.  In particular, defendant contends that Stephen Bloch of Fraser Stryker provided the legal representation to Optimus for a number of years and to AmeriFirst Home Improvement, a wholly owned subsidiary of Optimus.  See Filing No. 23, Attach. 1 and 2.  Defendant believes it is still a client of Fraser Stryker.  Steven Bloch of Fraser Stryker contends the only legal services Fraser Stryker ever provided were in 2003 and 2006, which apparently totaled approximately 20 hours.  Bloch contends that at no time did Fraser Stryker perform any work related to any of the issues in this litigation.  See Filing No. 25, Affid. of Steven Bloch.

The magistrate judge denied the motion to disqualify.  Filing No. 31.  The magistrate judge determined that (1) Optimus is not a current client of Fraser Stryker, and (2) the case at bar is not substantially related to the 2003-2004 Pacesetter asset sale.  This court agrees.  Disqualification motions are subject to strict scrutiny because of the potential for abuse. *Macheca Transport Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006).  The party arguing for disqualification bears the burden of persuading the court that representation is not permissible. *A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995).

There is no evidence that there is a general retainer agreement between Optimus and Fraser Stryker.  There is no evidence that the firm subsequently represented Optimus after 2006.  The representation by Mr. Bloch of Pacesetter and AmeriFirst was very limited in nature and completed at least four years ago.  Mr. Bloch and the Fraser Stryker law firm have specifically denied that they have any confidential or financial information or any general information that would in any way relate to this case.  The court also agrees that

there is no evidence that the case before it is related to the 2003-2004 Pacesetter asset sale.  See Neb. Ct. R. of Prof. Cond. § 3-501.9(a).

The issues in this lawsuit involve the interpretation of an ERISA plan, specifically (a) the method used by Optimus to calculate the amount of plaintiffs' vested benefits and (b) the validity and enforceability of the Settlement Agreements and Releases executed in or about September 2009.  The matters must be substantially related to be considered similar.  See [Jacob North Printing v. Mosley, 779 N.W.2d 596, 601 (Neb. 2010)](#).  The issues are not substantially related to the March 31, 2004, asset sale.  The court agrees with the magistrate judge that Optimus has not met its burden of demonstrating a current conflict or issues that are substantially related or sufficiently related so as to create a conflict.  Plaintiffs simply have not supplied the court with any evidence or documentation to support these allegations.

THEREFORE, IT IS ORDERED:

1.  The defendant's motion to disqualify, Filing No. 21, is denied;

2.  The objections of the defendant, Filing No. 33, are overruled; and

3.  The order of the magistrate judge, Filing No. 31, is adopted.

DATED this 31st day of January, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.