IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANLEY EDELSTEIN, IVAN GERARD, PAT HOY, BARRY BLUE, ROBERT CAMPNEY, GROVONDA COLEMAN, WAYNE COREY, PETER DANIELSON, WILLIAM GOLDMAN, DANA HAMIK, MICHAEL HICKS, BILL KELLER, RICHARD NEVINS, JOE SCHUETTE, CHRISTL UPCHURCH, LORRAINE VASHON, TIM WHITTINGHILL, PACESETTER CORPORATION AMENDED AND RESTATED KEY EXECUTIVE RETIREMENT PLAN, and ROBERT SCHMIDT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV61 |
| v. | ) ) | |
| OPTIMUS CORPORATION, | ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the court on plaintiffs' motion to compel discovery (Filing No. 45) pursuant to Fed. R. Civ. P. 37(a)(3)(B). Plaintiffs are all former employees of the defendant Optimus Corporation who are seeking to recover retirement benefits under the Pacesetter Corporation Amended and Restated Key Executive Retirement Plan (the "Plan"). Plaintiffs seek an order from this court requiring defendant (1) to provide complete and responsive answers to plaintiffs' first set of interrogatories, (2) to provide complete responses and production of documents pursuant to plaintiffs' first set of requests for production, and (3) to pay plaintiffs' reasonable expenses, including reasonable attorney fees, in making the motion. Upon reviewing the motion and the relevant law, the court finds plaintiffs' motion will be granted.

Counsel for plaintiffs has attempted to comply in good faith with the personal consultation requirement of NECivR 7.0.1(i) before filing this motion to compel by having a telephone conversation with Aaron Clark, one of the attorneys for defendant, in an effort to resolve the parties' differences with respect to the scope of discovery on December 29, 2010, at approximately 10:30 a.m. Plaintiffs claim the parties could not reach an accord at that time.

Defendant objected to each of plaintiffs' interrogatories on the grounds that no discovery is permitted without a court order and a showing of good cause because this action is filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Plaintiffs' Index of Evidence, Ex. 1A, Filing No. 46). Defendant asserted an additional objection to interrogatories no. 5, 8, and 9 that " . . . this Interrogatory is overbroad, vague, unduly burdensome, is not relevant to the subject matter of this action nor is it reasonable calculated to lead to the discovery of admissible evidence." (Plaintiffs' Index of Evidence, Ex. 1A, Filing No. 46). Defendant also objected to plaintiffs' first set of requests for production, relying on its argument that ERISA bars discovery here without a court order and a showing of good cause. (Plaintiffs' Index of Evidence, Ex. 1B, Filing No. 46). Defendant also objected to each request for production " . . . on the grounds that this request is overbroad, vague, unduly burdensome, is not relevant to the subject matter of this action nor is it reasonably calculated to lead to the discovery of admissible evidence." (Plaintiffs' Index of Evidence, Ex. 1B, Filing No. 46). The only

2

documents defendant produced were documents that defendant identified as "documents [it] believe[s] would be contained in the administrative record," even though there is no adminstrative record in this case. (Plaintiffs' Index of Evidence, Ex. 1C, Filing No. 46).

Plaintiffs contend that this case is not subject to the ERISA administrative review procedures even though all of their claims are grounded in ERISA. Further, plaintiffs contend that they should have access to financial information relating to the defendant in order to establish that representations concerning defendant's financial condition were misleading. As demonstrated by it's responses, defendant refuses to produce the majority of documents requested by plaintiffs to verify its financial condition and its alleged inability to pay benefits owed to plaintiffs.

This Court previously held:

> 1. ERISA § 503, 29 U.S.C. 1133 does not apply to this case. The Court agreed with the Plaintiffs that they did not have to file a "claim" as required under ERISA and they did not have to appeal the determinations of the Defendant.
> 2. The August 2009 letter Defendant sent to Plaintiffs did not comply with the minimum notice requirements of ERISA. 29 C.F.R. § 2560.503-1(g)-1(l).
> 3. The Plan did not provide a full and fair review procedure.
> 4. It would have been futile for Plaintiffs to "appeal" Defendant's decision not to pay benefits because (1) the reason given by Defendant for not paying benefits was that Defendant did not have the money to pay the benefits, not that Plaintiffs were not

3

>     entitled to the benefits; (2)
>     Defendant gave Plaintiffs
>     only two weeks to make a decision;
>     and (3) no appeal choices were
>     provided.

j(Memorandum and Order dated 9/8/10, Filing No. 28). The Plan in this case constitutes a "top hat" plan under ERISA. Top hat plans are nonqualified retirement plans that are offered only to a limited number of persons, who are generally key executives of a company. In cases involving top hat plans, discovery is governed by Fed. R. Civ. P. 26. *See e.g., Marsh v. Marsh Supermarkets, Inc.*, Case No. 1:06-cv-1395, 2007 WL 1021410 (S.D. Ind. 2007); *Roberts v. Fearless Farris Service Stations, Inc.*, Case No. CV 05-472, 2007 WL 625423 (D. Idaho 2007). Fed. R. Civ. P. 26. provides that parties may obtain discovery regarding any non-privileged matters that are relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Here, plaintiffs seek information from December 31, 2006, to the present to determine if defendant hid or improperly transferred any assets that could have been used to pay plaintiffs' benefits. Plaintiffs also need financial information from before and after the time period defendant deems relevant here to determine if the information in 2008 and 2009 is accurate and to understand defendant's pattern of income and expenses, which is necessary to determine if any improper distributions were made to shareholders of the company. Further, plaintiffs seek "all communications" between SilverStone Group and defendant "between January 1, 2007 to the present," because SilverStone Group participated in the

calculation of vested benefits in December, 2008 and February, 2009. The court finds that such matters are relevant to plaintiffs' claims. Defendant must provide complete and responsive answers to plaintiffs' first set of interrogatories and provide complete responses and production of documents pursuant to plaintiffs' first set of requests for production within the boundaries of Fed. R. Civ. P. 26.

IT IS ORDERED:

1. Plaintiffs' motion to compel discovery (Filing No. 45) is granted.

2. Plaintiffs' request for attorney's fees is denied.

DATED this 1st day of April, 2011.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge