IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STANLEY EDELSTEIN, IVAN GERARD, PAT HOY, BARRY BLUE, ROBERT CAMPNEY, GROVONDA COLEMAN, WAYNE COREY, PETER DANIELSON, WILLIAM GOLDMAN, DANA HAMIK, MICHAEL HICKS, BILL KELLER, RICHARD NEVINS, JOE SCHUETTE, CHRISTL UPCHURCH, LORRAINE VASHON, TIM WHITTINGHILL, ROBERT SCHMIDT, and PACESETTER CORPORATION AMENDED AND RESTATED KEY EXECUTIVE RETIREMENT PLAN. <br><br> Plaintiffs, <br><br> v. <br><br> OPTIMUS CORPORATION, formerly known as THE PACESETTER CORPORATION, <br><br> Defendant. | CASE NO. 8:10-CV-00061 <br><br><br> **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

COMES NOW the Defendant, Optimus Corporation, formerly known as The Pacesetter Corporation ("Optimus"), and submits this Reply Brief in Support of its Motion for Judgment on the Pleadings.

## SUMMARY

None of the cases referenced by Plaintiffs support the contention that Plaintiffs can represent the KERP Plan in this litigation and pursue claims on behalf of participants who have chosen not to join this lawsuit or seek representation from Plaintiffs' counsel. In their brief, Plaintiffs confuse the very claims they have brought against Optimus. Plaintiffs' claims against Optimus arise under two specific sections of the Employee Retirement Income Security Act of 1974 ("ERISA"). These sections are § 1132(a)(1)(B) and § 1132(a)(3). (*See* Doc. No. 43,

Amended Complaint). However, in their brief, the authority upon which Plaintiffs rely involve claims under § 1132(a)(2) that arise from fiduciary obligations. As explained below, Plaintiffs cannot and have not asserted any claims under § 1132(a)(2).

Plaintiffs additionally argue that the KERP Plan may be named as a plaintiff to pursue claims on behalf of the five unnamed KERP Plan participants under § 1132(a)(3). However, Plaintiffs are not allowed to seek equitable relief under the catchall provision of § 1132(a)(3) because their alleged violations are remedied under § 1132(a)(1)(B), as would the five unnamed KERP Plan participants who also have the same right to sue under this provision. The proper procedure to pursue claims on behalf of unnamed participants is found in Fed.R.Civ.P. 23. Rule 23 grants each potential class member the right to decide whether they want to participate in litigation or "opt out" and pursue individual claims on their own behalf. *See* Fed.R.Civ.P. 23(c)(2)(B). Plaintiffs' attempt to join the Plan as a plaintiff in this action is not recognized under ERISA and is merely an effort to circumvent class action procedures mandated under the federal rules.

In light of the Court's recent findings on Plaintiffs' Motion for Partial Summary Judgment, any participant who is not a party to this lawsuit has the right to pursue an individual claim to recover benefits under § 1132(a)(1)(B). Likewise, each participant can settle those claims outside of this litigation if they choose to do so. Neither the named Plaintiffs nor their counsel have the authority or legal standing to pursue claims on behalf of those who have chosen not to participate in this case or seek representation from Plaintiff's counsel.

## ARGUMENT

I. THE AUTHORITY CITED IN PLAINTIFFS' BRIEF IS INAPPLICABLE TO THIS ACTION BECAUSE IT DEALS WITH ACTIONS INVOLVING FIDUCIARY DUTIES.

This lawsuit involves 18 named participants who are pursuing individual claims against Optimus to set aside their settlement agreements and recover benefits under § 1132(a)(1)(B) of ERISA. Any "money judgment" or benefits awarded under § 1132(a)(1)(B) of ERISA is "enforceable only against the plan as an entity." 29 U.S.C. § 1132(d)(2). *See also Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (stating that benefits due under the terms of an ERISA plan pursuant to § 1132(a)(1)(B) can only be "obtained against the plan itself" under § 1132(d)(2)). It defies logic and common sense to suggest that Plaintiffs can obtain a recovery against the KERP Plan under § 1132(a)(1)(B) while at the same time, represent the Plan to recover additional benefits on behalf of unnamed parties. Plaintiffs have failed to cite any cases where the courts have allowed such a claim to proceed under ERISA. Instead, Plaintiffs refer to federal cases that have no application to the claims presented here.

Plaintiffs extensively rely on *Harold Ives Trucking Co. v. Spradley & Coker, Inc.*, 178 F.3d 523 (8th Cir. 1999), for the proposition that § 1132(d)(1) authorizes the KERP Plan to be named a plaintiff in this matter. However, Plaintiffs' reliance is misplaced because in *Harold Ives*, the Eighth Circuit found that an employee benefit plan had standing to sue under ERISA only in the case of a claim for breach of fiduciary duty. Plaintiffs have asserted no such claim here nor is such a claim even recognized in cases involving "top hat" plans.

In *Harold Ives*, the Eighth Circuit found that a plan had standing to bring suit under § 1132(a)(2) – a section of ERISA that is not part of this case. The Eighth Circuit concluded that pursuant to § 1132(d)(1), the employee benefit plan in that action had "standing to bring an

action for damages under § 1132(a)(2)." *Harold Ives*, 178 F.3d at 526 (emphasis added). Section 1132(a)(2) provides that a civil action can be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." Section 1109(a) provides that "[a]ny person who is a fiduciary with respect to a plan… shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." Thus, § 1109 provides that a fiduciary must make payment to the plan for "any losses" resulting from the breach of duty. Plaintiffs have not asserted any claims against Optimus under § 1132(a)(2) or § 1109, much less any claim regarding a breach of fiduciary duty.

Fiduciary obligations under ERISA and §§ 1132(a)(2) and 1109 cannot apply in this case because the KERP Plan is a "top hat" plan.[1] As a "top hat" plan, the KERP Plan is exempt from many requirements imposed under ERISA including fiduciary obligations. *See Rockney v. Blohorn*, 877 F.2d 637 (8th Cir. 1989) (recognizing that "top hat" plans "need not conform to the requirements for participation, vesting, funding and fiduciary responsibility"); *Demery v. Extebank Deferred Compensation Plan*, 216 F.3d 283, 290 (2d Cir. 2000) (noting that "the fiduciary responsibility provisions of ERISA do not apply to top hat plans"). Thus, the Eighth Circuit's determination regarding standing in *Harold Ives* is inapplicable to this case.[2]

The other cases cited by Plaintiffs are inapplicable for similar reasons. The majority of cases cited by Plaintiffs arise under § 1132(a)(2) and involve claims for breach of fiduciary

---

[1] This Court has already concluded that the KERP Plan constitutes a "top hat" plan under ERISA because it is a non-qualified retirement plan. (Doc. No. 60, Order on Motion to Compel, pg. 4).

[2] Also, it should be noted that courts within the Eighth Circuit subsequent to the *Harold Ives* case have specifically not cited this case and instead cited the majority of other courts, which have found that a plan does not have standing to bring a suit under Section 1132(a). *See, e.g., Minn. Laborers Health & Welfare Fund v. Greenworks*, No. 03-888, 2003 WL 21488149, at *1 (D. Minn. June 20, 2003) (in a case brought by an ERISA plan under § 1132(a)(3), noting that "[t]here is disagreement among the Courts of Appeals as to whether a plan may bring suit under ERISA. The Eighth Circuit has not spoken on the issue. However, the majority of courts addressing the issue have held that the plan itself does not have standing to bring suit."); *In re Express Scripts, Inc. PBM Litigation*, No. 4:05-CV-00862, 2007 WL 4333380, at *4 (E.D. Mo. Dec. 7, 2007) ("Although the Eighth Circuit has not addressed whether the grant of jurisdiction in Section 1132 is exclusive; thereby prohibiting an ERISA action by an entity not enumerated therein, i.e. a plan; the majority of courts construe Section 1132 narrowly.").

4

duties, which as noted above, are not and cannot be a part of this case. *See Harold Ives*, 178 F.3d at 524 (action for breach of fiduciary duty under § 1132(a)(2)); *Peoria Union Stockyards Co. Retirement Plan v. Penn. Mutual Life Ins. Co.*, 698 F.2d 320, 326 (7th Cir. 1983) (action for breach of fiduciary duty and noting that "[i]t is true, as we shall see, that ERISA confers on pension plans standing to sue for breach of fiduciary obligations under ERISA, but it does not purport to confer standing to sue under other statutes."); *Coleman Clinic v. Mass. Mut. Life Ins. Co.*, 698 F. Supp. 740, 741 (C.D. Ill. 1988) (action for breach of fiduciary duty under §§ 1132(a)(2) and 1132(a)(3)); *Mertens v. Kaiser Steel Retirement Plan*, 744 F. Supp. 917, 919 (N.D. Cal. 1990) (action for breach of fiduciary duty under § 1132(a)(2)).

In another case cited by Plaintiffs, the Plan was found to be a "fiduciary" as defined under ERISA and filed a counterclaim as such, which allowed for jurisdiction under § 1132(e)(1). *Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. & Allied Indus. of Youngstown, Ohio Metro. Area*, 782 F.2d 577 (6th Cir. 1986) ("We conclude that the Plan has filed suit as a fiduciary, as it had the authority to do, in its counterclaim against Saramar."). Here, the KERP Plan does not qualify as a fiduciary nor has such a theory been pled in Plaintiffs' Amended Complaint. *See In re Express Scripts, Inc. PBM Litigation*, No. 4:05-CV-00862, 2007 WL 4333380, at *6 (E.D. Mo. Dec. 7, 2007) (noting that an ERISA plan's status as a fiduciary must be pled and established by the plaintiff).

The final two cases relied upon by Plaintiffs had no discussion regarding whether an ERISA plan was a proper plaintiff in an ERISA action seeking relief under § 1132(a) and did not reference § 1132(d)(1) – the section upon which Plaintiffs rely. *See N. Am. Coal Corp. v. Roth*, 395 F.3d 916 (8th Cir. 2005); *Central States v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38 (D. Minn. 1980), *aff'd*, 642 F.2d 1122 (8th Cir. 1981).

In their opposition brief, Plaintiffs also claim that Defendant relies on cases that "ignore § 1132(d)(1) entirely," "contain no analysis," and "ignore the specific reference to 'this subchapter' in § 1132(d)" (Plaintiffs' Brief, p. 6). This is an egregious misstatement. *See In re Express Scripts, Inc. PBM Litigation*, No. 4:05-CV-00862, 2007 WL 4333380, at *6 (E.D. Mo. Dec. 7, 2007) (discussing and dismissing notion that a plan may bring a cause of action pursuant to § 1132(d)(1)); *Minn. Laborers Health & Welfare Fund v. Greenworks, Inc.*, No. Civ. 03-888, 2003 WL 21488149 (D. Minn. June 20, 2003) (analyzing whether a plan has standing to bring ERISA actions and discussing § 1132(d)); *Pressroom Unions – Prints League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889 (2d Cir.), *cert. denied*, 464 U.S. 845 (1983) (lengthy discussion regarding plan standing to bring ERISA actions and discussing inapplicability of § 1132(d)(1)).

Also, Plaintiffs cite *North American Coal Corp. v. Roth*, 395 F.3d 916 (8th Cir. 2005) and *Central States v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38 (D. Minn. 1980), *aff'd*, 642 F.2d 1122 (8th Cir. 1981) for the proposition that a plan may sue in its own name under § 1132(a)(3). However, neither of those cases are controlling here. In *North American Coal Corp.*, the ERISA plan and its administrator sought relief from individuals who refused to return an overpayment that was mistakenly made from a retirement savings account. *N. Am. Coal Corp.*, 395 F.3d at 916-17. The court found that the district court had subject matter jurisdiction and that the complaint stated a claim, citing § 1132(a)(3) for the proposition that a "<u>fiduciary</u> may bring [a] civil action to enjoin [an] act or practice which violates [the] terms of ERISA or [an] ERISA plan, or to obtain other equitable relief to redress such violations." *Id.* at 917 (emphasis added). Similarly, in *Central States*, the court found that trustees of the named ERISA plans were <u>fiduciaries</u> of the plans and thus were authorized to bring the action on behalf

6

of the plans. *Cent. States*, 511 F. Supp. at 40 (emphasis added). As noted above, the KERP Plan does not qualify as a fiduciary nor has such a theory been pled in Plaintiffs' Amended Complaint. *See In re Express Scripts, Inc. PBM Litigation*, No. 4:05-CV-00862, 2007 WL 4333380, at *6 (E.D. Mo. Dec. 7, 2007) (noting that an ERISA plan's status as a fiduciary must be pled and established by the plaintiff).

Most importantly, none of the cases cited by the Plaintiffs support the proposition that Plaintiffs can represent an ERISA plan and pursue claims on behalf of individuals who have elected not to join the lawsuit. It they choose to do so, each of the unnamed participants can pursue their own separate claims against the Plan under § 1132(a)(1)(B) and can settle those claims outside of this lawsuit.

## II. PLAINTIFFS CANNOT SEEK EQUITABLE RELIEF UNDER THE CATCHALL PROVISION OF § 1132(a)(3) BECAUSE THEIR ALLEGED VIOLATIONS ARE ADEQUATELY REMEDIED UNDER § 1132(a)(1)(B).

The KERP Plan should also be dismissed as a matter of law because the very claim Plaintiffs allege regarding the KERP Plan is invalid. In Count IV of their Amended Complaint, Plaintiffs are attempting to pursue a claim on behalf of themselves and on behalf of the KERP Plan alleging that they are entitled to injunctive relief and equitable restitution. (*See* Doc. No. 43, Amended Complaint, ¶¶ 33-38). Under this theory, Plaintiffs' counsel purports to represent the KERP Plan and contends they would have the "same arrangement for attorney's fees and litigation expenses." (*Id.* at ¶ 38).

Because Plaintiffs have an adequate remedy under § 1132(a)(1)(B) for benefits against the Plan, their claim under § 1132(a)(1)(B) cannot stand. In *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S. Ct. 1065 (1996), the Supreme Court held that § 1132(a)(3), what it termed as a "catchall" provision, authorizes lawsuits for individualized equitable relief for breach of

fiduciary duty and other injuries "by violations that [§ 1132] does not elsewhere adequately remedy." According to the Sixth Circuit, the Supreme Court "clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Indeed, the Eighth Circuit has held that where a plaintiff is provided adequate relief by the right to bring a claim for benefits under § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same benefits in the form of equitable relief under § 1132(a)(3). *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999).

Here, Plaintiffs' claims for their benefits are based upon § 1132(a)(1)(B). Plaintiffs argue that the claims of the five unnamed KERP Plan participants are not otherwise specifically addressed or remedied by ERISA's enforcement provisions. (*See* Plaintiffs Brief at 10). However, this statement cannot be true. If, as Plaintiffs claim, they are entitled to relief under § 1132(a)(1)(B), this must also be true for the five unnamed KERP Plan participants. Plaintiffs also argue that dismissing the KERP Plan as a plaintiff would violate ERISA's anti-discrimination provision. However, Plaintiffs cite no case law supporting such a proposition. Here, the unnamed participants elected not to join this lawsuit or seek representation from Plaintiffs' counsel. In light of the Court's finding on partial summary judgment, each of these individuals have the right to pursue claims under § 1132(a)(1)(B).

Because Plaintiffs' claims are adequately remedied under §1132(a)(1)(B), Plaintiffs cannot seek equitable relief under section 1132(a)(3). *See Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999) (holding that because the plaintiff had a claim for benefits under § 1132(a)(1)(B) he could not seek the same benefits in the form of equitable relief under § 1132(a)(3)(B)); *Wald v. Sw. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir.

1996) (holding that where a plaintiff is "provided adequate relief by [the] right to bring a claim for benefits under ... § 1132(a)(1)(B)," the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)); *Payzant v. Unum Life Ins. Co. of Am.*, 402 F. Supp. 2d 1053, 1060 (D. Minn. 2005) (holding that because § 1132(a)(1)(B) provided the plaintiff with adequate and appropriate relief, her claims under § 1132(a)(3) were redundant and not appropriate or necessary); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) ("Because § 1132(a)(1)(B) provides a remedy for [the plaintiff's] alleged injury ... he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)."); *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 454 (6th Cir. 2003) ("[A] participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of § 502(a)(3) if the alleged violations are adequately remedied under other provisions of § 502."); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) ("Equitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy in this case."); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [the plaintiff] has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)."). As Plaintiffs' only claim on behalf of the Plan is under § 1132(a)(3), the KERP Plan must therefore be dismissed as a plaintiff.

### III. PLAINTIFFS, AS PLAN PARTICIPANTS, ARE NOT PERMITTED TO BRING A CLAIM ON BEHALF OF ABSENT PLAN PARTICIPANTS WITHOUT ADHERING TO RULE 23.

In their brief, Plaintiffs also discuss *Howe v. Varity Corp.*, 36 F.3d 746 (8th Cir. 1994), arguing that § 1132(a)(3) allows claims by the Plan on behalf of the five unnamed KERP Plan participants. The *Howe* case, however, does not support the contention that an ERISA plan can sue on behalf of unnamed participants. Plaintiffs' theory that the KERP Plan may be joined as a

9

plaintiff is flawed. In *Howe*, the plaintiffs specifically pled their lawsuit as a class action under Fed.R.Civ.P. 23. *Howe v. Varity Corp.*, Civ. No. 88-1598, 1989 WL 95595, at *15 (S.D. Iowa July 14, 1989), *aff'd in part, rev'd in part*, 896 F.2d 1107 (8th Cir. 1990). The ERISA plan was not named as a plaintiff in that case. *Id.*

Plaintiffs have cited no authority allowing an ERISA plan to be named as a plaintiff in order to allow unnamed participants to recover in an ERISA action brought by other individual participants. In order to recover for these unnamed participants, Plaintiffs needed to file this lawsuit as a class action, which they have not done. *See Ne. Dep't ILGU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147 (3d Cir. 1985) (holding that an ERISA plan cannot sue under section 1132(a)(1)(B) on behalf of participants or beneficiaries); *Pfahler v. Nat'l Latex Co.*, 405 F. Supp. 2d 839, 845-46 (N.D. Ohio 2005), *aff'd in part, rev'd in part*, 517 F.3d 816 (6th Cir. 2007) ("Plaintiffs have not identified, nor has this Court found, a single case in which plan participants were permitted to bring a Section 502(a)(3) breach of fiduciary duty claim on behalf of absent plan participants without adhering to the strictures of Rule 23 of the Fed.R.Civ.P.").

Had Plaintiffs desired to seek a recovery for unnamed participants, this action should have been brought as a class action rather than merely naming the KERP Plan as a plaintiff. This Court has no jurisdiction over non-named plaintiffs who have chosen not to be represented by Plaintiffs' counsel and who have not been properly joined. Pursuing a class action under Rule 23 would have given each participant the right to decide whether they wished to join this lawsuit or "opt out" and pursue a claim through their own counsel. Fed.R.Civ.P. 23(c)(2)(B). Neither the Plaintiffs nor their counsel have the authority or legal standing under ERISA to represent the KERP Plan on behalf of unnamed participants.

## CONCLUSION

For the foregoing reasons, Optimus requests this Court to grant is Motion for Judgment on the Pleadings and dismiss the KERP Plan as a Plaintiff.

Dated this 19th day of December 2011.

          OPTIMUS CORPORATION, formerly
          known as The Pacesetter Corporation,
          Defendant

By:    /s/ Aaron A. Clark
       Aaron A. Clark, #20045
       McGrath North Mullin & Kratz, PC LLO
       First National Tower, Suite 3700
       1601 Dodge Street
       Omaha, NE 68102
       Phone: 402-341-3070
       Fax: 402-341-0216
       aclark@mcgrathnorth.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of December 2011, the above and foregoing **Defendant's Reply Brief in Support of Motion for Judgment on the Pleadings** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Joseph E. Jones
Michael L. Schleich
Fraser Stryker PC LLO
500 Energy Plaza
409 S. 17th Street
Omaha, NE 68102

          /s/ Aaron A. Clark
          Aaron A. Clark